STATE v. HEWITT

[126 N.C. App. 366 (1997)]

STATE OF NORTH CAROLINA v. SAM HEWITT

No. COA96-882

(Filed 20 May 1997)

**Fires and Firemen § 12 (NCI4th)— fire—negligence—adjoining property—failure to extinguish**

While defendant who intentionally set a fire and then negligently caused a wildfire by leaving a smoldering stump unattended could have been charged under N.C.G.S. § 14-136, intentionally starting a fire and failing to extinguish it or control it before it reached the land of adjoining property holders, it was not error for the defendant to be charged and convicted pursuant to N.C.G.S. § 14-138 which deals with negligently causing a fire and failing to fully extinguish it.

**Am Jur 2d, Fires §§ 6 et seq.**

Appeal by defendant from judgment entered 18 March 1997 by Judge James R. Strickland in Onslow County Superior Court. Heard in the Court of Appeals 1 April 1997.

*Michael F. Easley, Attorney General, by David N. Kirkman, Assistant Attorney General, for the State.*

*Jeffrey S. Miller for defendant.*

WYNN, Judge.

On the night of 12 March 1994, defendant Sam Hewitt set a fire on a portion of his land near Hubert, North Carolina. The following morning, a large forest fire near the area burned by defendant consumed approximately 135 acres and traveled almost eight tenths of a mile. It took firefighters over five hours to subdue the blaze.

Following the forest fire, defendant stated to Forest Service officials that he and his sons had been attempting a controlled burn and that they utilized pine branches to contain the fire. However, the record indicates that they failed to plow proper fire breaks around their burn site even though the Forest Service had previously given defendant a warning citation for a similar omission.

The Forest Service cited defendant for starting a fire and failing to fully extinguish it in violation of N.C. Gen. Stat. § 14-138 (1993).

STATE v. HEWITT

[126 N.C. App. 366 (1997)]

After being tried and found guilty in Onslow County District Court, defendant appealed to Superior Court. When asked at his jury trial whether he had taken care to ensure his blaze was out before he left the scene, defendant testified that the fire went out somewhere between 12:00 midnight and 1:00 a.m. except for one stump, at which time he went home. The jury found defendant guilty and the trial court imposed a suspended thirty day jail sentence and required that he make restitution to the Forest Service. Defendant appealed to this Court.

Defendant believes that he was improperly charged under N.C. Gen. Stat. § 14-138, which deals with, among other things, negligently causing a fire and failing to fully extinguish the same. He contends that he should have been charged under N.C. Gen. Stat. § 14-136 (1993) which addresses intentionally starting a fire and failing to extinguish it or control it before it reaches the land of adjoining property owners. Defendant bases his argument upon the fact that his fire was set deliberately rather than negligently, and therefore, the evidence could not support a charge resulting from a fire caused by negligence. We find defendant's contention to be without merit.

In ruling upon a motion to dismiss, the trial court has to consider the evidence in the light most favorable to the State and the State has to be given the benefit of every reasonable inference to be drawn therefrom. *State v. Robbins*, 309 N.C. 771, 775, 309 S.E.2d 188, 190 (1983).

In the instant case, while defendant's first fire was set intentionally, it was the *second* fire, the large wildfire which defendant negligently caused by leaving a smoldering stump, which was the basis for his being charged and convicted under N.C.G.S. § 14-138. Thus, while a violation of N.C.G.S. § 14-136 arguably could have been charged under the circumstances, it was proper to charge and try defendant under this second statute.

No error.

Judges GREENE and TIMMONS-GOODSON concur.